**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ZLATAN AVDIC, MICHAEL PICCINI, and TRAVIS STOFFER,

Plaintiffs,

v.

FORWARD TOWNSHIP; THOMAS DEROSA, Forward Township Chairman Supervisor, in his individual capacity; DAVID MAGISKE, Forward Township Supervisor, in his individual capacity; and RONALD SKRINJORICH, Forward Township Supervisor, in his individual capacity,

Defendants.

Civil Division

No. 2:22-cv-778

JURY TRIAL DEMANDED

**CIVIL COMPLAINT**

Plaintiffs, Zlatan Avdic, Michael Piccini and Travis Stoffer, by undersigned counsel, file this Civil Complaint, and in support alleges the following:

**I. Jurisdiction**

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, and 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

**II. The Parties**

2. Plaintiff, Zlatan Avdic, is an adult individual who resides at 66 Pigeon Creek Road, Eighty-Four, Washington County, Pennsylvania 15330.

3. Plaintiff, Michael Piccini, is an adult individual who resides at 307 Kennett Drive, Elizabeth, Allegheny County, Pennsylvania 15037.

4. Plaintiff, Travis Stoffer, is an adult individual who resides at 2285 Sunnyside Hollow Road, Monongahela, Allegheny County, Pennsylvania 15063.

5. Defendant, Forward Township, is a political subdivision of the Commonwealth of

Pennsylvania with his principal place of business located at 1000 Golden Circle, Elizabeth, Allegheny County, Pennsylvania 15037.

6. Defendant, Thomas DeRosa, is the current Chairman of the Forward Township Board of Supervisors. He is a state actor with final policy making authority over Forward Township employees pursuant to Pennsylvania law. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore acted under the color of state law. He is sued individually for damages. His business address is 1000 Golden Circle, Elizabeth, Pennsylvania 15037.

7. Defendant, David Magiske, is a Supervisor of the Forward Township Board of Supervisors. He is a state actor with final policy making authority over Forward Township employees pursuant to Pennsylvania law. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore acted under the color of state law. He is sued individually for damages. His business address is 1000 Golden Circle, Elizabeth, PA 15037.

8. Defendant, Ronald Skrinjorich, is a Supervisor of the Forward Township Board of Supervisors. He is a state actor with final policy making authority over Forward Township employees pursuant to Pennsylvania law. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore acted under the color of state law. He is sued individually for damages. His business address is 1000 Golden Circle, Elizabeth, Pennsylvania 15037.

**III. Factual Background**

9. Avdic has worked in law enforcement for nearly five years.

10. Avdic worked for Defendant Forward Township from February 2020 until April 12, 2022 as a Police Officer.

11. Piccini has worked in law enforcement for over twenty-four years.

12. Piccini worked for Defendant Forward Township from February 2020 until April 12, 2022 as a Police Officer.

13. Stoffer has worked in law enforcement for twenty-nine years.

14. Stoffer worked for Defendant Forward Township from 1997 until April 12, 2022.

15. Stoffer began as a part-time officer in 1997, became full-time in 2000 and became Police Chief in April 2015.

16. Stoffer held the position of Police Chief until the Police Department was disbanded and his employment terminated.

17. At the time Stoffer became Police Chief the Police Department was unionized and represented by the Teamsters Union, Local 205.

18. Defendant DeRosa told Stoffer in November 2016 that if the Police Department remained unionized, DeRosa would have the Police Department disbanded.

19. Previously, in 2011 Defendant DeRosa had been publicly critical of the Police Department being unionized and how the union limited the Defendant Township's ability to discipline its officers.

20. At that time in 2011 DeRosa also publicly discussed disbanding the Police Department given his dissatisfaction with the Police Department being unionized.

21. In light of DeRosa's 2016 threat of disbanding the Police Department and after discussion amongst the officers at the time the Police Department gave up their union affiliation.

22. In 2022, a number of officers in the Police Department including all the Plaintiffs decided that they wanted to unionize again.

23. They began the process of unionizing under the Fraternal Order of Police.

24. On April 2, 2022 Frank Barrieo, an officer in the Police Department who was filling in for Chief Stoffer who was on leave, told Piccini that the Defendant Township Supervisors were upset about the officers joining a Union.

25. Piccini shared this information with the other officers in the Police Department including Avdic.

26. On or about April 11, 2022 Avdic ran into Defendant DeRosa while delivering citations to the magistrate.

27. Avdic said to Defendant DeRosa I heard you were upset about the Police Department unionizing.

28. Defendant DeRosa replied why would I be in favor of a Union now when I already got rid of it once.

29. Shortly thereafter Defendant terminated all Plaintiffs without any prior or written notice and even without speaking with them in person or over the telephone.

30. On April 12, 2022, Plaintiffs learned via a Facebook message that the Defendant Township Supervisors all had voted to disband the Forward Township Police Department that day and that they no longer had jobs a few hours later as of midnight.

31. Defendants have since given numerous and at times inconsistent reasons for disbanding the Police Department.

**Count I**
**42 U.S.C. §1983**
**Zlatan Avdic v. Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity**

32. Plaintiff Avdic incorporates by reference the allegations in paragraphs 1 through 31 as if fully restated herein.

33. Defendants disbanded the Police Department and fired Avdic because of his attempt to unionize in violation of his right to belief and association under the First and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §1983.

34. At all times relevant hereto, Defendants acted under color of state law, inasmuch as their acting as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendants DeRosa, Magiske and Skrinjorich are clothed with the authority of state law.

35. Defendants' actions toward Avdic were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned upon his decision to seek union protection for his employment.

36. The conduct by Defendants Avdic as set forth above, was a conscious choice on the part of Defendants to disregard Plaintiff's constitutional rights, and deprived Avdic under color of state law, of rights of belief and association under the First and Fourteenth Amendments of the U.S. Constitution in violation of 42 U.S.C. §1983.

37. As a direct and proximate result of Defendants' intentional and reckless actions, Avdic has sustained the injuries and damages including lost wages, employment and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff Avdic demands judgment against Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity

a. That Defendant Forward Township be permanently enjoined from discriminating against Plaintiff Avdic for engaging in First Amendment activities;

b. That Defendant Forward Township be permanently enjoined from retaliating

against Plaintiff Avdic because he engaged in First Amendment protected activities;

c. That Defendant Forward Township be ordered to reinstate Plaintiff Avdic to the position he occupied at the time he was terminated;

d. That Defendants be ordered to pay Plaintiff Avdic all of his lost pay and benefits;

e. That Plaintiff Avdic be awarded against Defendants compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants conduct;

f. That Plaintiff Avdic be awarded punitive damages against Defendant DeRosa in his individual capacity in an amount sufficient to punish that Defendant DeRosa and to deter similar conduct;

g. That Plaintiff Avdic be awarded punitive damages against Defendant Magiske in his individual capacity in an amount sufficient to punish that Defendant Magiske and to deter similar conduct;

h. That Plaintiff Avdic be awarded punitive damages against Defendant Skrinjorich in his individual capacity in an amount sufficient to punish that Defendant Skrinjorich and to deter similar conduct;

i. That Plaintiff be awarded against Defendants the costs and expenses ofthis litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

j. That Plaintiff Avdic be awarded such further relief as this Court deems to be just and proper.

**Count II**
**42 U.S.C. §1983**
**Michael Piccini v. Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity**

38. Plaintiff Piccini incorporates by reference the allegations in paragraphs 1 through 37 as if fully restated herein.

39. Defendants disbanded the Police Department and fired Piccini because of his attempt to unionize in violation of his right to belief and association under the First and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §1983.

40. At all times relevant hereto, Defendants acted under color of state law, inasmuch as their acting as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendants DeRosa, Magiske and Skrinjorich are clothed with the authority of state law.

41. Defendants' actions toward Piccini were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned upon his decision to seek union protection for his employment.

42. The conduct by Defendants Piccini as set forth above, was a conscious choice on the part of Defendants to disregard Plaintiff's constitutional rights, and deprived Piccini under color of state law, of rights of belief and association under the First and Fourteenth Amendments of the U.S. Constitution in violation of 42 U.S.C. §1983.

43. As a direct and proximate result of Defendants' intentional and reckless actions, Piccini has sustained the injuries and damages including lost wages, employment and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff Piccini demands judgment against Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity

a. That Defendant Forward Township be permanently enjoined from discriminating against Plaintiff Piccini for engaging in First Amendment activities;

b. That Defendant Forward Township be permanently enjoined from retaliating against Plaintiff Piccini because he engaged in First Amendment protected activities;

c. That Defendant Forward Township be ordered to reinstate Plaintiff Piccini to the position he occupied at the time he was terminated;

d. That Defendants be ordered to pay Plaintiff Piccini all of his lost pay and benefits;

e. That Plaintiff Piccini be awarded against Defendants compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants conduct;

f. That Plaintiff Piccini be awarded punitive damages against Defendant DeRosa in his individual capacity in an amount sufficient to punish that Defendant DeRosa and to deter similar conduct;

g. That Plaintiff Piccini be awarded punitive damages against Defendant Magiske in his individual capacity in an amount sufficient to punish that Defendant Magiske and to deter similar conduct;

h. That Plaintiff Piccini be awarded punitive damages against Defendant Skrinjorich in his individual capacity in an amount sufficient to punish that Defendant Skrinjorich and to deter similar conduct;

i. That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

j. That Plaintiff Piccini be awarded such further relief as this Court deems to be just and proper.

**Count III**
**42 U.S.C. §1983**
**Travis Stoffer v. Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity**

44. Plaintiff Stoffer incorporates by reference the allegations in paragraphs 1 through 43 as if fully restated herein.

45. Defendants disbanded the Police Department and fired Stoffer because of his attempt to unionize in violation of his right to belief and association under the First and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §1983.

46. At all times relevant hereto, Defendants acted under color of state law, inasmuch as their acting as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendants DeRosa, Magiske and Skrinjorich are clothed

with the authority of state law.

47. Defendants' actions toward Stoffer were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned upon his decision to seek union protection for his employment.

48. The conduct by Defendants Stoffer as set forth above, was a conscious choice on the part of Defendants to disregard Plaintiff's constitutional rights, and deprived Stoffer under color of state law, of rights of belief and association under the First and Fourteenth Amendments of the U.S. Constitution in violation of 42 U.S.C. §1983.

49. As a direct and proximate result of Defendants' intentional and reckless actions, Stoffer has sustained the injuries and damages including lost wages, employment and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff Stoffer demands judgment against Forward Township; Thomas DeRosa, in his individual capacity; David Magiske, in his individual capacity; and Ronald Skrinjorich, in his individual capacity

a. That Defendant Forward Township be permanently enjoined from discriminating against Plaintiff Stoffer for engaging in First Amendment activities;

b. That Defendant Forward Township be permanently enjoined from retaliating against Plaintiff Stoffer because he engaged in First Amendment protected activities;

c. That Defendant Forward Township be ordered to reinstate Plaintiff Stoffer to the position he occupied at the time he was terminated;

d. That Defendants be ordered to pay Plaintiff Stoffer all of his lost pay and benefits;

e. That Plaintiff Stoffer be awarded against Defendants compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants conduct;

f. That Plaintiff Stoffer be awarded punitive damages against Defendant DeRosa in his individual capacity in an amount sufficient to punish that Defendant DeRosa and to deter similar conduct;

g. That Plaintiff Stoffer be awarded punitive damages against Defendant Magiske in his individual capacity in an amount sufficient to punish that Defendant Magiske and to deter similar conduct;

h. That Plaintiff Stoffer be awarded punitive damages against Defendant Skrinjorich in his individual capacity in an amount sufficient to punish that Defendant Skrinjorich and to deter similar conduct;

i. That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

j. That Plaintiff Stoffer be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ *John E. Black, III*
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446

Attorney for Plaintiffs